

DA 09-0300

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 83N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

STACY ANN McKNIGHT,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Second Judicial District,
In and For the County of Silver Bow, Cause No. DC 07-140
Honorable Brad Newman, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Joslyn Hunt, Chief Appellate Defender; Jim Wheelis, Assistant Appellate
Defender, Helena, Montana

      For Appellee:

          Hon. Steve Bullock, Montana Attorney General; Jonathan M. Krauss,
Assistant Attorney General, Helena, Montana

          Eileen Joyce, Butte-Silver Bow County Attorney; Kelli Fivey, Deputy
County Attorney, Butte, Montana

Submitted on Briefs:  March 17, 2010
Decided:  April 20, 2010

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Stacy Ann McKnight (McKnight) appeals from the judgment of the Second Judicial District Court, Silver Bow County. The court had previously denied McKnight's motion to withdraw her guilty plea. We affirm.

¶3 McKnight raises the following three issues on appeal:

¶4 Did the District Court err in denying McKnight's motion to withdraw her guilty plea?

¶5 Did the District Court commit plain error when it failed to advise McKnight of a lesser-included offense, or, alternatively, was her trial counsel ineffective by failing to include that ground in the motion to withdraw McKnight's guilty plea?

¶6 Did the District Court commit plain error when it failed to establish value in the factual basis of the felony theft charge, or, alternatively, was her trial counsel ineffective by failing to include that ground in the motion to withdraw McKnight's guilty plea?

¶7 The facts in this case are not in dispute. The State charged McKnight with one count of felony theft pursuant to § 45-6-301, MCA (2005), for stealing a purse containing a digital camera, credit cards, watches, a cell phone, and $1200 in cash. The State alleged that McKnight had stolen the purse from a wedding reception at the Race Track Fire Hall in Butte. McKnight was not an invited guest at the reception.

2

¶8 McKnight pleaded not guilty at her arraignment. McKnight entered into a pretrial agreement one week before the date set for trial. She agreed to plead guilty to felony theft. The District Court held a change of plea hearing, accepted McKnight's guilty plea, and ordered a presentence investigation report (PSI). The PSI recommended a longer sentence than the sentence recommended by the parties in the plea agreement. McKnight subsequently sought to withdraw her guilty plea two days before the date set for sentencing. The District Court held a hearing and ultimately denied McKnight's motion to withdraw her guilty plea. The court determined that McKnight's guilty plea was voluntary. The court sentenced McKnight to ten years at the Montana State Women's Correctional Facility with five years suspended.

¶9 *Did the District Court err in denying McKnight's motion to withdraw her guilty plea?*

¶10 McKnight argued below that her guilty plea was involuntary because "though I have some memory of signing a plea agreement . . . , I have no clear recollection of the terms of that agreement or for that matter any of its contents." She further stated that "I have no memory at all of appearing in [District Court] and entering a guilty plea in this matter. I do not recall discussing my rights or the consequences of my pleading guilty with the Court on August 7, 2008." On appeal, McKnight maintains that "what rendered her plea involuntary was her lack of memory about the plea itself, coupled with her 'bizarre behavior of continuing to engage in criminal behavior' while on bail, her attempted suicide in custody, and later commitment to the Montana State Hospital."

¶11 The District Court determined, however, that neither the record nor the court's memory supported McKnight's claim that she was not competent to understand the plea

3

proceedings, the agreement itself, and the consequences of the plea. The court observed that McKnight had stated during questioning that she was not under the effect of a drug or other substance when she had entered her guilty plea. The court concluded that McKnight's guilty plea was voluntary and denied her motion to withdraw the plea.

¶12 This Court reviews a district court's denial of a motion to withdraw a guilty plea de novo. *State v. Shepard*, 2010 MT 20, ¶ 7, 355 Mont. 114, 225 P.3d 1217. A district court's underlying factual findings are reviewed for clear error. *State v. McFarlane*, 2008 MT 18, ¶ 8, 341 Mont. 166, 176 P.3d 1057.

¶13 We agree with the District Court. The record does not support McKnight's claims that her guilty plea was involuntary. The District Court's findings negate McKnight's claims of unstable mental condition and behavior. The District Court did not err in denying McKnight's motion to withdraw her guilty plea.

¶14 *Did the District Court commit plain error when it failed to advise McKnight of a lesser-included offense, or, alternatively, was her trial counsel ineffective by failing to include that ground in the motion to withdraw McKnight's guilty plea?*

¶15 McKnight argues on appeal that her plea was not voluntary "because she was not apprised of the lesser-included offense of misdemeanor theft, nor that she waived her ability to submit that to a jury." She further maintains that her counsel's failure to raise this issue constituted ineffective assistance.

¶16 This Court may discretionarily review claimed errors "that implicate a criminal defendant's fundamental constitutional rights, even if no contemporaneous objection is made . . . , where failing to review the claimed error at issue may result in a manifest miscarriage

4

of justice, may leave unsettled the question of the fundamental fairness of the trial or proceedings, or may compromise the integrity of the judicial process." *State v. Finley*, 276 Mont. 126, 137, 915 P.2d 208, 215 (1996), *overruled on other grounds by State v. Gallagher*, 2001 MT 39, 304 Mont. 215, 19 P.3d 817. The plain error doctrine is to be employed sparingly on a case-by-case basis. *Id.* at 138, 915 P.2d at 215.

¶17 We review de novo ineffective assistance of counsel claims because they involve mixed questions of law and fact. *See State v. Becker*, 2005 MT 75, ¶ 18, 326 Mont. 364, 110 P.3d 1. This Court applies the two-prong test from *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), in assessing claims of inadequate assistance of counsel. *See e.g. Dawson v. State*, 2000 MT 219, ¶ 20, 301 Mont. 135, 10 P.3d 49. "The defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense and deprived the defendant of a fair trial." *Hamilton v. State*, 2010 MT 25, ¶ 12, 355 Mont. 133, 226 P.3d 588.

¶18 This Court has previously stated that "we are not required to engage in an analysis of a lack of specificity regarding lesser included offenses when the record clearly demonstrates that, as a factual matter, there would be no basis for giving an instruction on a particular lesser included offense." *State v. Swensen*, 2009 MT 42, ¶ 14, 349 Mont. 268, 203 P.3d 786. We conclude that the record reflects that there was no factual basis for giving an instruction for the lesser-included offense of misdemeanor theft. The District Court did not err when it failed to advise McKnight of a lesser-included offense. Moreover, we conclude that McKnight's counsel was not ineffective for failing to raise this issue in support of McKnight's motion to withdraw her guilty plea.

¶19 *Did the District Court commit plain error when it failed to establish value in the factual basis of the felony theft charge, or, alternatively, was her trial counsel ineffective by failing to include that ground in the motion to withdraw McKnight's guilty plea?*

¶20 McKnight contends that the District Court did not establish the factual basis for her guilty plea for felony theft because she did not specifically admit that the value of the items she stole was over $1000.

¶21 Section 46-12-212(1), MCA, provides that a court "may not accept a guilty plea without determining that there is a factual basis for the plea in charges of felonies or misdemeanors resulting in incarceration." A district court need not solicit an admission of every element of the offense to establish a factual basis for the guilty plea, however. *See State v. Usrey*, 2009 MT 227, ¶ 27, 351 Mont. 341, 212 P.3d 279.

¶22 The record clearly shows that McKnight stated: "I am guilty of the charges that I left the premises with a purse that did not belong to me, myself." McKnight also agreed to plead guilty to the "felony offense with which she is charged in the Information," and that a "factual basis exists for her plea of guilty." We conclude, therefore, that the District Court properly determined that there was a factual basis for McKnight's guilty plea. We also conclude that McKnight's trial counsel did not render ineffective assistance by failing to raise this issue in support of McKnight's motion to withdraw her guilty plea.

¶23 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the court's findings of fact are supported by substantial evidence, and

because the legal issues are clearly controlled by settled Montana law, which the District Court correctly interpreted.

¶24　　Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS